IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS URBANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-1211-D |
| VS. | § | |
| | § | |
| FLYING SQUIRREL ROOFING INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The October 14, 2016 motion for summary judgment of plaintiff Carlos Urbano ("Urbano")—to which defendants Flying Squirrel Roofing Inc. ("Flying Squirrel") and Sergio Tapia ("Tapia") have not responded—is granted.[1]

This is an action by Urbano against Flying Squirrel and its president and director, Tapia, under the Fair Labor Standards Act for unpaid overtime. On September 6, 2016 the court entered an interlocutory default judgment against Flying Squirrel as to liability. Urbano moved for summary judgment on October 14, 2016, seeking to establish that Flying Squirrel and Tapia are liable to him for unpaid overtime in the sum of $34,800, liquidated damages in the sum of $32,400, attorney's fees in the sum of $5,268.75, expenses in the sum of $729.39, and prejudgment and post-judgment

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

interest.  Neither Flying Squirrel nor Tapia has responded to the motion.[2]

To be entitled to summary judgment on a claim for which he will have the burden of proof at trial, Urbano "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  This means that Urbano must demonstrate that there are no genuine and material fact disputes and that he is entitled to summary judgment as a matter of law.  *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).  "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Although defendants' failure to respond to Urbano's motion does not permit the court to enter a "default" summary judgment in Urbano's favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts

---

[2]Under N.D. Tex. Civ. R. 7.1(e), defendants' responses were due no later than November 4, 2016.

considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Urbano has demonstrated beyond peradventure that he is entitled to summary judgment on his claim for unpaid overtime compensation, and that he is also entitled to recover liquidated damages, attorney's fees, expenses, and prejudgment and post-judgment interest. He has introduced, *inter alia*, his unrefuted affidavit as well as the affidavit of his attorney, and he also relies on requests for admissions addressed to both defendants that are deemed admitted based on their failures to respond. Accordingly, the court awards him this relief by judgment filed today.

**SO ORDERED**.

December 1, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE